UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LACKEY,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil No.: 16cv0892 JAH<br>Criminal No.: 93cr 0821 JAH<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255** |

Petitioner James Lackey moves this Court to vacate and correct his sentence under 28 U.S.C. section 2255. Respondent opposes the motion. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

On December 6, 1993, a jury convicted Petitioner of one count of armed bank robbery in violation of 18 U.S.C. section 2113(a) and (d) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. section 924(c). On February 24, 1994, upon finding Petitioner qualified as a career offender, the Hon. Irma E. Gonzalez sentenced him to 300 months in prison on count 1 and 60 months on count 2, to run consecutively, followed by supervised release for 5 years on count 1 and 3 years on count 2 to run concurrently.

1

Petitioner appealed his conviction, and the Ninth Circuit Court of Appeals affirmed. Petitioner filed a document entitled "Ex Parte Motion Requesting this Court's Directive Instructions; Referencing the Filing of a Late Section 2255 motion" which Judge Gonzalez construed as a motion to vacate under section 2255 and denied. Petitioner sought reconsideration of the order which Judge Gonzalez granted and provided Petitioner an opportunity to file an amended motion pursuant to section 2255. Judge Gonzalez denied the motion and Petitioner appealed. The Ninth Circuit denied Petitioner's motion for a certificate of appealability.

On April 12, 2016, Petitioner, appearing *pro se*, filed a motion seeking relief under section 2255, and later, sought to amend the motion through counsel. Noting Petitioner filed an application for leave to file a second or successive petition with the Ninth Circuit, this Court stayed the matter until the Ninth Circuit issued its decision. The Ninth Circuit granted the application and directed this Court to proceed on Petitioner's amended motion filed on June 3, 2016. This Court lifted the stay of the proceedings and set a briefing schedule on the amended motion. Respondent filed an opposition and Petitioner filed a reply. Thereafter, Petitioner filed supplemental briefing.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## DISCUSSION

Petitioner moves this Court to vacate and correct his sentence under section 2255 based upon the Supreme Court's decision in Johnson v. United States, ___, U.S. ___, 135 S.Ct. 2551 (2015). He asserts, based upon the ruling in Johnson, he is not a career offender because his conviction for first degree burglary under California Penal Code section 459 is not a crime of violence, his conviction for robbery under California Penal Code section

211 is not a crime of violence and his conviction for armed bank robber under 18 U.S.C. section 2113(a) does not qualify as a crime of violence. He further argues his armed bank robbery conviction does not qualify as a crime of violence under 18 U.S.C. section 924(c).

In opposition, Respondent argues the motion should be dismissed for procedural default because Plaintiff failed to raise this argument in his appeal to the Ninth Circuit and as untimely because it was filed beyond the one year limitations period. Respondent further argues the motion is without merit because <u>Johnson</u> does not apply to collateral cases challenging federal sentences enhanced under the residual clause of section 4B1.2(a)(2) and armed bank robbery remains a violent felony post <u>Johnson</u>.

In reply, Petitioner maintains any procedural default is excused by cause and prejudice because his claim was not reasonably available to him at the time of sentencing and additional custodial time caused by an erroneous sentencing enhancement is prejudicial. He further argues his petition, which was filed within a year of the Supreme Court's decision in <u>Johnson</u> is timely, and he should prevail on the merits of his claim because <u>Johnson</u> retroactively applies to the guidelines.

Petitioner also filed supplemental briefing following the Supreme Court's decision in <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct 886 (2017) and argues the decision does not foreclose his motion. He also filed supplemental briefing following the decision in <u>Sessions v. Dimaya</u>, ___ S.Ct. ___, 2018 WL 1800371 (2018) in support of his argument that his conviction for using a firearm during a crime of violence under 18 U.S.C. section 924(c) must be vacated.

**I. Procedural Bar**

A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).

Respondent argues Petitioner did not argue that his convictions for federal armed bank robbery or for California robbery were not crimes of violence for the purpose of

3

qualifying as a career offender in his appeal to the Ninth Circuit. Respondent further argues Petitioner fails to show cause and prejudice for his procedural default.

Petitioner maintains any procedural default is excused by cause and prejudice because his claim was not reasonably available to him at the time of sentencing and additional custodial time caused by an erroneous sentencing enhancement is prejudicial, and, alternatively, he can show actual innocence in regards to the section 924 claim.

A petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Prior to the Supreme Court's ruling in Johnson, vagueness challenges to the residual clause of the Armed Career Criminal Act ("ACCA") were not reasonably available. Similarly, the possible extension of the reasoning of Johnson to the guidelines' similar language was not reasonably available. As such, Petitioner demonstrates cause.

Petitioner also demonstrates prejudice because an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights. Molina-Martinez v. United States, 136 S. Ct. 1338, 1346-47 (2016); United States v. Bonilla-Guizar, 729 F.3d 1179, 1188 (9th Cir. 2013).

## II. Timeliness

Respondent argues Petitioner is barred by the one year statute of limitations. A motion filed under section 2255 must be filed within a year of

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Plaintiff contends his motion is timely because it was filed within a year of the decision in Johnson, which he asserts recognized that the language of the residual clause was unconstitutionally vague.

**A. Guidelines**

In Johnson, the Supreme Court held that the "residual clause" of the ACCA, which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. 135 S.Ct. 1557. The Court determined the decision in Johnson was substantive and has retroactive effect on collateral review in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016). In Beckles, the Supreme Court addressed the question of whether the holding in Johnson applies to the residual clause of section 4B1.2(a) of the guidelines which contains the same language as the ACCA residual clause. The Court determined the residual clause of section 4B1.2(a) is not void for vagueness, reasoning the Guidelines are merely advisory, guiding a court's discretion, and do not implicate vagueness concerns of notice and preventing arbitrary enforcement. 137 S.Ct. at 892 - 895. Petitioner contends Beckles is not applicable to his motion because he was sentenced when the Guidelines were mandatory. He contends his sentence is unconstitutional under the holding of Johnson.

The Court agrees the holding in Beckles does not apply to Petitioner's motion because he was sentenced prior to the decision in United States v. Booker, 543 U.S. 220 (2005), which determined the Guidelines were advisory. Contrary to Petitioner's contention, the Supreme Court did not determine whether its holding in Johnson should be extended to the mandatory Guidelines pre-Booker. See Beckles, 137 S.Ct. at 896 n.4 (Sotomayor, J. concurring) ("That question is not presented by this case and I, like the majority take no position on its appropriate resolution"). The holding in Beckles clearly relies upon the advisory nature of the Guidelines. As such, this Court does not agree that Johnson applies to Petitioner's challenge to the language of the mandatory Guidelines. Nearly all the courts in the Ninth Circuit addressing the issue have determined that

5

extending the reasoning of Johnson to the sentencing enhancements of the pre-Booker Guidelines is a new rule not recognized by the Supreme Court in Johnson. See United States v. Gildersleeve, 2017 WL 5895135 (D.Or. November 2017); United States v. Patrick, 2017 WL 4683929 (D.Or. October 2017); United States v. Colasanti, 282 F.Supp.3d 1213 (D.Or. September 2017) (Finding the right recognized in Johnson is limited to the ACCA's residual clause); United States v. Garcia-Cruz, 2017 WL 3269231 (S.D.Cal. August 2017); United States v. Beraldo, 2017 WL 2888565 (D.Or. July 2017) (Finding the right asserted by the petitioner has not been recognized by the Supreme Court); Hirano v. United States, 2017 WL 2661629 (D. Hawaii June 2017) (Determining the petitioner's claim for relief from sentencing enhancements requires a new rule that must come from the Supreme Court); Hodges v. United States, 2017 WL 1652967 (W.D.Wash. May 2017). This Court agrees with the sound reasoning of these district courts. Petitioner seeks to extend the rule in Johnson which must come from the Supreme Court. Accordingly, Johnson is not applicable and Petitioner's motion is untimely.

**B. Section 924(c)**

Petitioner maintains his conviction for using a firearm during a "crime of violence" under 18 U.S.C. section 924(c) must be vacated because his conviction for armed bank robbery does not qualify as a crime of violence under the statute. Section 924(c) defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to clause (A) as the "force clause" and to clause (B) as the "residual clause." See United States v. Gutierrez, 876 F.3d 1254, 1256 (9th Cir. 2017).

Petitioner argues the definition of crime of violence in the residual clause of section 924(c) is identical to the provision of 18 U.S.C. section 16 the Ninth Circuit found

unconstitutionally vague in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) after Johnson. He further argues the "force clause" of the statute is identical to the force clause of the Career Offender Guidelines.

Respondent argues Johnson does not invalidate section 924(c) because the Court made clear in its decision that the reach of Johnson is limited. Respondent further argues section 924(c) does not suffer from the same flaws as the ACCA's residual clause and the holding of Dimaya is not applicable here.

In his supplement briefing filed following the Supreme Court's decision in Sessions v. Dimaya, Petitioner argues the Supreme Court rejected the arguments asserted by Respondent here in the context of section 16(b) and did not limit its holding to section 16(b). Petitioner further asserts the dissent explicitly acknowledged the holding called into question convictions under the residual clause of section 924(c).

The Supreme Court in Johnson limited the application of its holding to the residual clause of the ACCA. Johnson, 135 S.Ct. at 2563. ("Today's decision does not call into question application of the Act to...the remainder of the Act's definition."). As such, Johnson is not applicable to Petitioner's conviction under section 924(c) and his petition is untimely.

Additionally, in United States v. Wright, the Ninth Circuit held that armed bank robbery under 18 U.S.C. section 2113(a) and (d) qualifies as a crime of violence under 18 U.S.C. section 924(c)(3) "because one of the elements of the offense is a 'taking by force and violence or by intimidation'." 215 F.3d 1020, 1028 (9th Cir. 2000). Following the decision in Johnson, the Ninth Circuit has repeatedly determined no intervening authority has overruled Wright and it remains controlling precedent. See United States v. Cross, 691 Fed.Appx. 312 (9th Cir. 2017); United States v. Pritchard, 692 Fed.Appx. 349 (9th Cir. 2017); United States v. Jordan, 680 Fed.Appx. 634 (9th Cir. 2017). On February 1, 2018, the Ninth Circuit, again determined armed bank robbery under section 2113(a) and (d) qualifies as a crime of violence under section 924(c) in United States v. Watson. 881 F.3d 782 (9th Cir. 2018). The court in Watson utilized the categorical approach in making its

determination that armed bank robbery qualified as a crime of violence under the force clause. The categorical approach compares the elements of the statutory offense to the generic definition of a crime of violence and determines whether the offense matches or is broader than the generic definition. See Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 2248 (2016); United States v. Piccolo, 441 F.3d 1084, 1086 (9th Cir. 2006). The court reasoned that a conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery, and therefore, armed bank robbery does not require conduct that involves less force than unarmed bank robbery. Watson, 881 at 786. Accordingly, Petitioner's argument that his conviction under section 924(c) must be vacated because his conviction for armed bank robbery does not qualify as a crime of violence is without merit.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

DATED: April 30, 2018

_____
JOHN A. HOUSTON
United States District Judge